[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#115)
This is the defendant's motion to strike the third count of the plaintiff's amended complaint. The Third count of the plaintiffs amended complaint provides in pertinent part that "[t]he defendant's repeated failure and refusal to pay plaintiff's medical expenses despite the defendant's assurances that such expenses were reasonable and related to the collision described herein, constitute an unfair insurance practice in violation of General Statutes § 38a-815 et seq. ("CUIPA")." Pursuant to General Statutes § 38a-816(6). "the claimant must allege and prove facts sufficient to show that the insurer was [c]ommitting or performing [certain specified acts] with such frequency as to indicate a general business practice." (Brackets in original; internal quotation marks omitted.) Heyman AssociatesNo. 1 v. Insurance Co. of Penn., 231 Conn. 756, 796, 653 A.2d 122
(1995). "[C]laims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct." Mead v. Burns, 199 Conn. 651, 659, 509 A.2d 11
(1986). Here, the acts alleged do not amount to the frequency required to show a general business practice. See Pote v.Nationwide Mutual Insurance Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150455 (August 28, 1998, Karazin, J.) (striking a CUIPA claim on similar facts for failure to allege a general business practice). Accordingly, the defendant's motion to strike the third count of the plaintiffs amended complaint is granted.
Karazin, J.